# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2011

No. 10-30990
Summary Calendar

Lyle W. Cayce
Clerk

ROLAND JILES,

Plaintiff-Appellant

v.

ORLEANS PARISH PRISON MEDICAL CLINIC; DOCTOR HAM, Director,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-8426

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

While a pretrial detainee, Roland Jiles, now Louisiana prisoner # 130535, filed a 42 U.S.C. § 1983 complaint against the Orleans Parish Medical Clinic and its director, Dr. Ham, alleging that he was denied medical treatment for a kidney problem. Jiles has filed an appeal from the magistrate judge's order granting the defendants' motion for summary judgment and dismissing his complaint with prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30990

Jiles is not challenging the magistrate judge's dismissal of his claim against the Orleans Parish Medical Center based on its not being a juridical entity capable of being sued. Thus, he has abandoned that claim on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Jiles acknowledges that he was seen by medical personnel at the medical center, but argues that his extensive medical records show that Dr. Ham had an ample opportunity to address the nature of his medical problems and should have transferred him to a hospital. He contends that he was hospitalized following his transfer to another state facility, underwent surgery, and was diagnosed as having cancer.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If a pretrial detainee bases his claim upon a prison official's "episodic acts or omissions," the standard of subjective deliberate indifference enunciated in *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), is the measure of culpability. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Jiles's claims are based on omissions in the quality of his medical care. In the context of medical needs, the deliberate indifference standard is met when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The medical records filed in support of the motion for summary judgment show that Jiles had continual medical treatment while incarcerated at the Orleans Parish Prison. He was seen by doctors, nurses, dentists, and a social worker, was prescribed medication for ulcers and pain, underwent testing with normal results that ruled out kidney disease, had teeth extracted, and attended psychological counseling. Jiles's dissatisfaction with his medical treatment that he deemed unsuccessful or negligent was not sufficient to support a

constitutional claim of deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

If Jiles was diagnosed with a medical problem following his transfer to another facility, such information would not have rebutted the records that showed that neither Dr. Ham nor the Orleans Parish medical staff, "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotations and citations omitted). Jiles has not submitted any evidence that creates a genuine issue as to any material fact or disputes the evidence negating a finding of deliberate indifference of his medical needs by Dr. Ham. Thus, the district court did not err in granting a summary judgment in the defendants' favor. The judgment is AFFIRMED.